NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2236
_____

DEREK WALKER,

Appellant

v.

CLEARFIELD COUNTY DISTRICT ATTORNEY;
THOMAS P. MCGINNIS

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 3-09-cv-00073)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2011

_____

Before:  RENDELL, AMBRO, and HARDIMAN, Circuit Judges

(Opinion filed: January 24, 2011)

_____

OPINION
_____

AMBRO, Circuit Judge

        Plaintiff-appellant Walker appeals the District Court's decision dismissing his

retaliatory prosecution action, brought under 42 U.S.C. § 1983, for failure to state a

claim.  Specifically, Walker alleged in his amended complaint that the Clearfield County District Attorney, William A. Shaw, Jr., violated his (Walker's) First Amendment rights by prosecuting him based on false evidence in retaliation for his decision to seek political office.  We affirm the District Court, though on a different basis than it used.[1]  *See Erie Telecomms. v. Erie*, 853 F.2d 1084, 1089 n.10 (3d Cir. 1998) ("An appellate court may affirm a correct decision by a lower court on grounds different from those used by the lower court in reaching its decision.").

The allegations in Walker's amended complaint are as follows.  On August 25, 2007, he was involved in a "domestic incident" with his former girlfriend, Katie Ferry.  Walker alleges that this incident involved no violence, and that the police officers who responded to Ms. Ferry's call informed him not to have any further communication with her, but did not arrest him.  Shortly thereafter, Walker announced his intention to seek the Republican nomination for a seat in the United States House of Representatives, and began campaigning.  Before the primary election was to take place (but several months after the domestic incident), Shaw began to investigate the incident, allegedly coercing false witness statements against Walker.  Following this investigation—and just a few days before the primary election—Shaw directed the Chief of Police to file charges against Walker, who then lost the primary.

In a nutshell, Walker alleges that Shaw intentionally manufactured false witness testimony against him, and then used that testimony as the basis on which to file criminal

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

2

charges.  Walker further alleges that Shaw did all this in order to make his candidacy for political office untenable—or, in other words, to retaliate against Walker for his choice to seek office.  He seeks compensatory and punitive damages, and a declaration that Shaw infringed his First Amendment rights.

The District Court dismissed Walker's first amended complaint for failure to state a claim.  The Court first concluded that absolute prosecutorial immunity protected Shaw from liability for money damages.  Then, as to Walker's demand for declaratory relief, the Court held that the claim failed on the merits because "[i]nsufficient support among voters in [Walker's] district provides no grounds for equitable redress in this court." Opinion at 2.

Treating all of Walker's allegations as true, we conclude that Shaw was not entitled to absolute immunity as to at least part of Walker's claim.  The crux of Walker's complaint is that Shaw manufactured evidence against him in order to establish probable cause to arrest Walker.  The Supreme Court has held that when prosecutors perform investigatory functions, like determining whether there is probable cause to arrest a suspect, they are entitled only to qualified, and not absolute, immunity.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 275-76 (1993) ("A prosecutor may not shield his investigative work with the aegis of absolute immunity merely because, after a suspect is eventually arrested, indicted, and tried, that work may be retrospectively described as 'preparation' for a possible trial").  Thus, to the extent that Walker's complaint concerns Shaw's pre-indictment investigation of the allegations against Walker, Shaw is entitled only to qualified immunity.  By contrast, Shaw is entitled to absolute immunity from

3

monetary—but not equitable—liability based on the decision to prosecute. *Supreme Court of VA v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 736-37 (1980) (equitable relief available even if defendant has prosecutorial immunity). Here, Walker seeks declaratory, as well as monetary, relief. Accordingly, we shall turn to whether Walker's complaint states a claim on which relief could be granted.

Walker argues that "he had a First Amendment right to participate in the political process free of a politically motivated criminal prosecution based on false evidence." Appellant Br. at 10. To establish a First Amendment retaliation claim predicated on 42 U.S.C. § 1983, a plaintiff must prove the following elements: (1) constitutionally protected conduct; (2) that the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his rights; and (3) a causal connection between the two. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). There is also a fourth element required to state a First Amendment retaliation claim premised on an investigation that leads to a decision to prosecute: the absence of probable cause for the prosecution. *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006); *Miller v. Mitchell*, 598 F.3d 139, 154 (3d Cir. 2010) (probable cause element applies even where same individual acted as both investigator and prosecutor).

While Walker's complaint may have been sufficient as to the first three elements, it fails on the final prong. In the underlying criminal case, Walker pled guilty, though to a lesser offense. Borrowing from the closely analogous malicious prosecution context, we conclude that a guilty plea—even one for a lesser offense—does not permit a later assertion of no probable cause. *Cf. Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)

4

(malicious prosecution claims require that underlying criminal proceedings were terminated in manner signifying the innocence of the accused).

This conclusion is consistent with *Heck v. Humphrey*, 512 U.S. 477 (1994), under which Walker's claim would fail even if he could allege the absence of probable cause despite his guilty plea. In *Heck*, the Supreme Court held that § 1983 relief is not available a to civil plaintiff for whom success on the merits would "necessarily imply the invalidity of [the] conviction," unless the conviction was previously negated. *Id.* at 487. Here, the basis of Walker's suit is that Shaw manufactured evidence against him, and that, as a result, Walker pled guilty to a crime. If that allegation were proven, it would plainly imply the invalidity of Walker's conviction, and thus Walker's § 1983 suit runs afoul of *Heck*.

Accordingly, we affirm the District Court.